ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
MATTHEW C. CASSELL
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Matthew.Cassell@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-16-2267-TUC-JGZ |
| Plaintiff, | |
| v. | **RESPONSE TO DEFENDANT'S MOTION FOR NEW TRIAL** |
| Jack Witt Voris, | |
| Defendant. | |

The United States of America, through its undersigned attorneys, hereby responds to the defendant's Motion for New Trial, as set out in the following Memorandum of Points and Authorities.

Respectfully submitted this 9th day of March, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney

/s/ Matthew C. Cassell

MATTHEW C. CASSELL
Assistant United States Attorney

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE COURT WAS CORRECT TO DENY THE DEFENDANT'S REQUEST FOR A LESSER INCLUDED INSTRUCTION

1.     After the conclusion of the evidence at trial, the defendant requested the Court instruct the jury regarding the lesser-included offense of simple assault. After lengthy discussion over the facts presented to the jury and the applicable case law, the Court took the matter under advisement overnight. On the following morning, the Court announced it would decline to give the lesser-included offense instruction to the jury.

2.     The government conceded at trial, and still concedes, that simple assault on a federal officer, pursuant to 18 U.S.C. § 111(a)(1), is a lesser-included offense of the charge at issue in this case, assault on a federal officer with a deadly or dangerous weapon, pursuant to 18 U.S.C. § 111(b). However, the defendant repeats his faulty argument in his Motion and still ignores the fact that the very case he cites, *United States v. Rivera-Alonzo*, 584 F.3d 829 (9th Cir. 2009), is the reason his argument lacks merit.

3.     In the opening sentence of *Rivera-Alonzo*, the Ninth Circuit states: "A district court does not abuse its discretion in refusing to give an instruction on the lesser-included offense, where, as here, a rational jury could not have convicted the defendant of the lesser-included offense without finding the element that would convert the lesser offense into the greater offense." It was undisputed at trial that the defendant shot the deadly and dangerous weapon, a .45 caliber handgun. The issue was not whether he shot the gun; instead, it was whether he shot *at the agents* or not. Had the Court provided the lesser-included instruction to the jury, the same issue would have been in play: whether the defendant assaulted the officers or not.

4.     The defendant cites to the same group of cases that he referenced when he made this argument at trial. Nothing has changed in his argument, and it still lacks merit, because the defendant ignores the legal test for whether a court provides a lesser-included instruction. The Court was correct to decline to instruct the jury regarding a lesser-included

offense of simple assault on a federal officer at trial, and it should deny the defendant's motion as well.

## II. THE COURT WAS CORRECT TO DENY THE DEFENDANT'S MOTION FOR MISTRIAL

1.      At trial, Supervisory Deputy United States Marshal David Smith testified as a government witness.  Without a trial transcript, it is difficult to make a meticulous argument regarding this issue.  During direct examination, Deputy Smith testified that the officers surrounding the defendant's hotel room set up a barricade in part because of the defendant's criminal history, or words to that effect.  Upon hearing the words "criminal history," undersigned counsel immediately cut Deputy Smith off and continued on to another line of questioning in an effort to divert attention to the obviously objectionable reference to the defendant's criminal history.  The government concedes that this testimony was not admissible under F.R.E. 404(a), which is why undersigned counsel immediately moved on to another line of questioning.  However, this testimony did not merit a mistrial then, nor does it merit a new trial now.

2.      Undersigned counsel's recollection of trial is that the Court chose not to issue a limiting instruction because defense counsel waited to object and move for a mistrial so as not to attract attention to the witness's statement.  The Court indicated it did not want to draw further attention to a one-time reference to the defendant's criminal history.  The defendant now demands a mistrial on the same basis, even though he cannot point to any case law that specifically states a one-time reference to a defendant's criminal history requires a mistrial, or that a district court's decision not to declare a mistrial under those circumstances constitutes abuse of discretion.

3.      In fact, there are several cases, two of which are unpublished, that support a district court's declination to declare a mistrial. Those cases are *United States v. Lara*, 884 F.2d 1396 (9th Cir. 1989), *United States v. Jaime-Duarte*, 270 Fed.Appx. 580 (9th Cir.

2008), and *United States v. Neal*, 342 F.2d 730 (9th Cir. 1965). These cases involved one-time references to a defendant's criminal history and mention that the factual background of the case is very important to the discussion.

4.     The evidence at trial showed two key points: (1) the defendant was a convicted felon, as stipulated by both parties, and (2) the officers had a warrant for the defendant's arrest, which is why they were at the hotel to begin with. So, the jury was well aware that the defendant had a "criminal history" when it deliberated on the charges (and acquitted the defendant of six out of 19 counts). In fact, the defendant's own attorney said in his opening statement that his client was guilty of possessing a firearm by a convicted felon. So, Deputy Smith's one-time mention of the defendant's criminal history contributed nothing to the jury's understanding of the defendant's background that it didn't already know.

## III.   CONCLUSION

The defendant provides no new case law or evidence in support of his motion for new trial. The Court was correct in its trial decisions to decline to instruct the jury regarding a lesser-included offense instruction and to deny the defendant's motion for mistrial during Deputy Smith's testimony. For the aforementioned reasons, the government respectfully requests that the defense's Motion for New Trial be denied.

Respectfully submitted this 9th day of March, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney

*/s/ Matthew C. Cassell*

MATTHEW C. CASSELL
Assistant United States Attorney

- 4 -

1  Copy of the foregoing served electronically
2  or by other means this 9th day of March, 2018, to:

3  Dan H. Cooper, Esq.
4  Counsel for defendant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28