ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
MATTHEW C. CASSELL
Assistant U.S. Attorneys
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Matthew.Cassell@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **United States America,** <br><br> Plaintiff, <br><br> vs. <br><br> **Jack Witt Voris,** <br><br> Defendant. | **CR 16-2267-TUC-JGZ (DTF)** <br><br> **GOVERNMENT'S SENTENCING MEMORANDUM** |

Now comes the United States of America, by and through its attorneys undersigned, and submits the following regarding the above-captioned defendant's sentencing.

1. Having presided over the defendant's jury trial, the Court is well aware of the facts and circumstances involved with this case, which took place on October 28, 2016. As such, the government has no intention of rehashing the facts of this case in this sentencing memorandum.

2. The shooting at the Quality Inn off Palo Verde Road in Tucson occurred on October 28, 2016. The government filed its complaint against the defendant on November 3, 2016, and presented the case for indictment to a Tucson federal grand jury on December 7, 2016. The grand jury indicted the defendant on 19 total counts, including nine counts of assault on a federal officer with a deadly or dangerous weapon (18 U.S.C. §§ 111(a) and (b)(1)), nine counts of discharging a firearm during the commission of a crime of violence (18 U.S.C. § 924(c)), and one count of possession of a firearm by a prohibited possessor (18 U.S.C. § 922(g)(1)).

3. A Tucson federal jury heard the evidence at a jury trial held February 12-15, 2018, and convicted the defendant of six of the nine assault counts and the corresponding 924(c) counts, and the prohibited possessor count. The jury acquitted the defendant on the remaining counts.

4. The government has reviewed the probation department's presentence investigation report, and has no additions or corrections to the factual statements or guideline/criminal history calculations. The defendant's guideline sentencing range for the assault counts 130-162 months imprisonment, based on a total offense level 27 and criminal history category VI. In addition, the probation department recommends the defendant's conviction of the six 924(c) requires a consecutive 135 years to the sentence imposed by the Court for the assault and prohibited possessor counts. The probation department recommends a total sentence of 1,750 months, based on a 130-month (10 years, 10 months) sentence for the assaults on the federal officers, running consecutive to 135 years (1,620 months) for the 18 U.S.C. § 924(c) counts.

6. The defendant's criminal history is littered with various criminal offenses, including crimes related to firearms and violent crimes. He was convicted of disorderly conduct with a weapon in 1996, a domestic violence offense in 2002, another DV offense in 2007, and aggravated assault on a corrections officer in 2012.

7. 18 U.S.C. § 3553(a)(1) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

8. As of the writing of this document, the defendant has not filed a sentencing memorandum. However, the government anticipates the defendant to acknowledge the

mandatory minimum jail term he faces and essentially request this Court sentence him to almost nothing for the assault and prohibited possessor offenses. Any suggestion that the defendant's violent offenses are worth no time or anything less than the minimum under the guideline sentencing range is without merit. The defendant's guideline sentencing range is 130-162 months for the assault and prohibited possessor counts, and there is no way for the defendant to get around this. The United States Sentencing Commission identifies the value of a defendant shooting at that many officers in deriving this range – the government asks the Court to do the same.

10. The defendant's crimes were violent and abhorrent. It seems clear from the evidence that he intended for the officers to kill him, and to effect this, the defendant shot at them without regard for the lives of those at whom he shot. In light of these facts, as well as the fact this this is just another in a line of violent offenses, the government respectfully requests the Court sentence the defendant to 130 months for the assault and prohibited possessor counts, and then sentence the defendant to a consecutive 135 years for the 924(c) counts. The government will further address its sentencing recommendation at the hearing, currently scheduled for September 17, 2018.

Respectfully submitted this 10th day of September, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney

*/s/ Matthew C. Cassell*

MATTHEW C. CASSELL
Assistant United States Attorney

Copy of the foregoing served electronically or by other means this 10th of September, 2018, to:

Dan Cooper
Attorney for the defendant